UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24639-BLOOM/O'Sullivan

TROY ANDERSEN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

### ORDER ON MOTION FOR RELIEF FROM COURT ORDER AND FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, Ltd. ("Defendant") Motion for Relief from Court Order and for Reconsideration, ECF No. [111] ("Motion"). Plaintiff Troy Andersen ("Plaintiff") filed a response, ECF No. [112] ("Response"), to which Defendant filed a reply, ECF No. [113] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Court assumes the parties' familiarity with the facts of this case. On April 26, 2021, the Court entered its Order Denying Motion to Preclude Testimony and Re-Setting Hearing and Trial Dates. ECF No. [108] ("Order"). In pertinent part, the Court determined that Defendant's Motion to Preclude Testimony, ECF No. [98] ("Motion to Preclude"), was filed in violation of the Court's scheduling order because it was filed almost one month after the deadline to file pretrial motions. Order at 1. Accordingly, the Court denied Defendant's Motion to Preclude as untimely. *Id*.

Case No. 19-cv-24639-BLOOM/O'Sullivan

In the Motion, Defendant requests that the Court reconsider the Order because Defendant could not have timely filed the Motion to Preclude.[1] Specifically, Defendant seeks relief pursuant to Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Here, no relief is warranted under Rule 60(b). Defendant asserts that the need for the Motion to Preclude was not apparent until the day of the deadline, when Dr. Tylicki was deposed, and that Defendant was further required to comply with Local Rule 7.1(a)(3) and order the transcript of the deposition. Therefore, Defendant contends that it could not have filed the Motion to Preclude timely. However, Defendant does not explain why it waited nearly a month after the deadline to file the Motion to Preclude. In addition, when Defendant realized the need for the Motion to Preclude, Defendant could have sought an extension of time, but did not do so. As such,

---

[1] Defendant also seeks reconsideration of the Motion to Preclude, including being permitted to file a reply.

2

the Court finds no circumstances in this case that would constitute sufficient cause under Rule 60(b) to vacate the dismissal in this case.

Moreover, to the extent that Defendant requests reconsideration of its Motion to Preclude, including the opportunity to file a reply in support, that request is denied. "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Here, Defendant fails to address or to set forth any ground warranting reconsideration.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [111]**, is **DENIED**.

Case No. 19-cv-24639-BLOOM/O'Sullivan

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record