**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-24639-PAS

TROY ANDERSEN,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court *sua sponte*. Based on the parties' Joint Report [DE 121] filed today, the estimated time for testimony is 47+ hours not including over 10 hours of testimony of the Plaintiff's 12 records custodians. Moreover, Plaintiff's Amended Exhibit list [DE 103] has 412 exhibits and Defendant's Amended Exhibit List [DE 104] has 20 Exhibits. The parties now maintain that it will take 8 days to try this case, though their joint pre-trial stipulation [DE 87 at 5] represents 5 trial days for the case. To promote an efficient use of the Court's and parties' time both during the trial and at the pretrial conference scheduled for Friday, June 18, 2021, at 2:30 p.m., it is

ORDERED that no later than **Friday, June 18, 2021, at 12:00 p.m. EST**, the parties SHALL file a joint report as to the following:

1. Both parties: The Court expects that the parties will reexamine their witnesses and exhibits lists to streamline the expected witness testimony, eliminating all cumulative witnesses and duplicative evidence, and stipulating to admissibility of exhibits. If there is a genuine good-faith objection to an exhibit that will be introduced, a list of those exhibits must be provided to the Court by the above deadline with copies of the

documents, the name of the witness through whom it will be offered and, in no more than 3 sentences, the factual and legal basis for the objection.

2. Plaintiff: Plaintiff shall file a second amended exhibit list with only relevant exhibits. For example, the Court fails to see the relevance of exhibits 74, 75, 110, 130, 131, 132, 133, and multiple photographs of the same thing (i.e., the top view of plaintiff's foot). Further, in his final amended exhibit list, Plaintiff shall narrow any multiple-page composite exhibit to the *relevant* pages, each page of which must have a number for ease of reference during the trial.

3. Both parties: Plaintiff intends to call, by videoconference, twelve (12) custodians of billing records. [*See* D.E. 121 at 3–4.] To reduce the trial time by approximately ten plus (10+) hours and conserve judicial resources, the Court expects counsel will stipulate to the twelve (12) custodians' testimony or provide a list of those whom Defendant needs in good faith to cross examine, stating in three (3) sentences or less, the factual and legal basis for this need. Further, the parties must reduce the related exhibits, particularly the medical records, to only the pages that are relevant and to which there will be witness testimony.

4. Both parties: Identify the witnesses who will be introducing each exhibit.

5. Defendant: Provide the substance of the expected testimony of each defense expert.

6. Defendant: Will both Amanda Campos and Kjell Larsen testify live, and if so, what will be the substance of their testimony that is not cumulative? Plaintiff indicates he will have these witnesses testify by deposition. How is this not duplicative?

7. Plaintiff: What is the substance of Samuel Theis's testimony and what is its relevance?

8. Plaintiff: Identify the factual basis to support non-economic damages of $10 million per year. [*See* DE 94 at 42.]

9. Both parties: As to damages regarding past medical expenses, pursuant to *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020), the factfinder shall consider evidence of the amount billed and the amount paid in determining the "reasonable value" of medical treatment. To that end, at trial, Plaintiff shall be prepared to present evidence of the amount billed, the amount paid, and any written-off amounts. It would be helpful to the Court if Plaintiff submitted this information in a chart format prior to the start of trial. In light of *Higgs*, which was decided after Defendant submitted its affirmative defenses, Defendant shall consider the impact of *Higgs* on affirmative defense # 8.

10. Plaintiff: Plaintiff shall confirm whether he has abandoned his negligent selection claim. Based on his summary judgment briefing and his proposed findings of fact and conclusions of law, it appears that the claim has been abandoned.

11. Defendant: Defendant shall notify the Court in writing as to which affirmative defenses it intends to pursue at trial. At the pretrial conference, Defendant shall be prepared to discuss the facts supporting each affirmative defense it intends to assert.

12. Both parties: SHALL prepare two (2) identical binders for the Court containing all exhibits to be used at trial and bring them to the pretrial conference.

DONE AND ORDERED in Miami, Florida, this 16th day of June 2021.

_____
THE HONORABLE PATRICIA A. SEITZ
SENIOR UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record via CM/ECF